SENRICK S. WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TEXAS 77583

May 25, 2015

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 02 2015

Abel Acosta, Clerk

77,138-29,31

FELICIA PITRE
District Clerk
Frank Crawley Court BLDG.
133 N. Riverfront Blvd., LB 12.
Dallas, Texas 75207

c/o Court of Criminal Appeals
Suprem Court BLDG,
P. O. Box 12308
Dallas, Texas 78711

RE: Bond Information From F08-60213 Compelling Prostitution

Dear District Attorney's Office,

On 11/29/2010, the State issued capias arrest warrants for cause Nos. F10-01182, F10-01183, F10-01184 & F10-01185. Also, on 11/29/2010, your office dismissed all four (4) warrants. But there was also a capias arrest warrant issued on 11/29/2010, for a bond forfieture From F08-60213 Compelling Prostitution. Not once did any Peace officer ever come to my home, to arrest me. But on 12/3/2010, Judge Gracie G. Lewis signed some invalid and fraudulent PR bonds from Cause Nos. F10-01182, F10-01183, F10-01184 & F10-01185; when I was never once in any custody for them, never once detained for them, and never once arrested for them. My question is simply this: How did the Courts make the capias warrant from the bond forfeiture, in cause No. F08-60213, go away? I was tricked into signing those other invalid PR bonds, by Calvin D. Johnson, and I returned back to my home. However, I called Gig, with G & G bail bonds, on 11/30/2010, to question her about the bond forfeiture from cause No. F08-60213; And she had no idea what I was talking about because she specifically, told me that G & G bail bonds, had not forfeited my bond. She told me that she would call me back because she was going to call Calvin Johnson. Instead, Calvin Johnson called me and told me that I need to stop calling bond companies because he claimed I would mess things up for him! So, I am requesting the BOND information from the capias arrest warrant from F08-60213 Compelling Prostitution, in warrant issued on 11/29/2010. Thanks for your time and a speedy response would be greatly appreciated.

Sincerely,

P.S.
Safequard my Liberty
C/C

SENRICK S. WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17 T
Rosharon, Texas 77583

May 22, 2015

COURT OF CRIMINAL APPEALS
P.O. Box 12308
Supreme Courts BLDG.
Austin, TX 78711

c/o United States Court of Appeals
Fifth Circuit
Office of the Clerk
600 S. MAESTRI PL.
New Orleans, Louisiana 70130

c/o 60 Minutes
Investigating Reporters
524 West 57th Street
New York, NY 10019

c/o Supreme Court of United
States
Office of the Clerk
Washington, DC 20543-0001

c/o FELICIA PITRE DISTRICT CLERK
SUSAN HAWK DISTRICT ATTORNEY
Frank Crowley Court Building
133 N. Riverfront Blvd., LB12
Dallas, Texas 75207

c/o Fox 4 News Investigations
400 N. Griffin Street
Dallas, Texas 75202

RE: Fraudulently Forged and Falsified Documents From Cause/Writ Nos.
W08-60213-J(D), W10-01183-J(G) & W10-01184-J(F)

Attn: Aboved Entities,

I am writing this letter respectfully requesting that there be an immediate and thorough investigation executed in regards to the illegal convictions From F08-60213 Compelling Prostitution, F10-01183 Sexual Performance by a Child & F10-01184 Sexual Assault on a Child. I was never once arrested and never arraigned for Cause Nos. F10-01183 & F10-01184, but Dallas County District Attorney's office is showing Fraudulently, Four (4) different arrest dates for them that never happened. I was illegally convicted and sentenced to 8 years TDCJ, on 12/17/2010, For all three (3) offenses. On 12/17/2010, deficient and ineffective lawyer Calvin D. Johnson filed the motion for new trial. On January 5, 2011, the motion for new trial was granted by the Judge. I was never once informed by anyone, and I First received the granted motion for new trial in June of 2014. See attached Declaration of my facts/statements of.

Sincerely,
Senrick Wilk

P.S.
Safeguard my liberty

# INMATE'S DECLARATION OF SENRICK WILKERSON

"I, Senrick Wilkerson, TDCJ No. 1885146, do state the following facts concerning the F08-60213 Compelling Prostitution, F10-01183 Sexual Performance by a child & F10-01184 Sexual Assault by a Child offenses:

I am the Defendant in the three (3) mentioned cases, and I was illegally convicted, and sentenced to 8 years TDCJ, on 12/17/2010. I was never once ever arrested, never arraigned, never taken before a magistrate judge, never read any Miranda Rights, never given an opportunity to post bail, never once informed of any rights to an examining trial or counsel, and never once participated in any first preliminary initial appearances, as is required by Texas Law, for cause nos. F10-01183 & F10-01184. But Dallas County District Attorney's office is showing four (4) different arrest dates through forgery and falsifying government documents.

On 12/17/2010, malpracticed, deficient and ineffective lawyer Calvin D. Johnson filed the motion for new trial for cause nos. F08-60213, F10-01183 & F10-01184. On January 5, 2010, the Courts date stamped the motion for new trial, but ment to stamp January 5, 2011, which is the date that the motion for new trial was granted. See Exhibit A. However, the Courts claim that the markings are illegible. But that simply is not true. The trial Judge was Judge Keith Dean, and it appear's that Judge Dean signed the motion for new trial after he circled granted. See Exhibit B. If you compare the signatures in Exhibits A and B; Then in Exhibit C, you will notice that the signatures all look the same, Evidencing that Judge Keith Dean granted and signed the motion for new trial.

On April 1, 2015, the Court of Criminal Appeals remmanded my 11.07 Writ of Habeas Corpus application; cause no. W08-60213-J(D); And requested that the Trial Court's determine who signed the motion for new trial. See Exhibit D, which is a copy of the Affidavit of Pat McDowell, whom is the siting Judge in Auxiliary Court No. 7; where my illegal trial was heard. Notice that in Exhibit D, Judge McDowell claims that; its his signature signed under ____Judge____, in Exhibit A, Judge McDowell also stated that he did write, "I did not rule on this," and the signature was indeed his. Quoting Judge McDowell; "That signature may be mine but I cannot say with certainty that I signed it." Please compair the signatures in Exhibits A-D. The signature in Exhibit D, is totally different, than in Exhibits A-C. Judge Dean signed his own signatures, where it says Judge, in Exhibits A-C. How did this granted motion for new trial end up back on Judge McDowell's desk, six months later, on 7/7/2011, for him to state that he did not rule on it. I am entitled to a new trial, and there is a matter of Jurisdiction at question.

I, Senrick Wilkerson, being presently illegally incarcerated in Ramsey I Unit, declare under penalty of perjury, that, according to my belief, the facts stated in this document are true and correct."

May 22, 2015

_Senr Wilk_
SENRICK WILKERSON

DATE

FILED
2010 JAN -5 PH 2:28
DISTRICT CLERK
DALLAS COUNTY TEXAS
DEPUTY

THE STATE OF TEXAS      CAUSE NO. F08-60213
         F10-01183
VS.          F10-01184

Senaick Wilkerson     Criminal    DISTRICT COURT #3

DALLAS COUNTY, TEXAS

### DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his Attorney, and moves the Court to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

_____
Attorney for Defendant

### ORDER

The above Motion is hereby (granted) (denied).

_____
Judge

7/7/11

I did not act on this.

EXHIBIT
A

51

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

## Punishment Assessed by Jury / Court / No election (select one)

☐ **Jury**. Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☒ **Court**. Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election**. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

## Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division**. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ**. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment**. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment**. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

## Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

The Court ORDERS Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS). The Court further ORDERS Defendant to annually renew the license or certificate. The DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. The Court ORDERS the clerk of the Court to send a copy of this order to the DPS and to Defendant. TEX. CODE CRIM. PROC. art. 42.016

**Signed and entered on December 17, 2010**

X _____
Keith Dean
JUDGE PRESIDING

DEFENDANT EXCEPTS AND GIVES NOTICE
OF APPEAL TO THE COURT OF APPEALS,
FIFTH DISTRICT OF TEXAS AT DALLAS

EXHIBIT
B

Clerk:

CASE NO. F-0860213-J
INCIDENT NO./TRN: 9174618571

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT #3 |
| | § | |
| SENRICK SHERN WILKERSON | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX07638642 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. **Keith Dean** | Date Judgment Entered: | **12/17/2010** |
| Attorney for State: | **Robb B Grona** | Attorney for Defendant: | **Calvin Johnson** |

Offense for which Defendant Convicted:
**COMPELLING PROSTITUTION**

| | |
|---|---|
| Charging Instrument: **INDICTMENT** | Statute for Offense: **43.05 A 1 Penal Code** |

Date of Offense:
**4/16/2008**

| | |
|---|---|
| Degree of Offense: **2ND DEGREE FELONY** | Plea to Offense: **NOT GUILTY** |
| Verdict of Jury: **GUILTY** | Findings on Deadly Weapon: **N/A** |

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| | | |
|---|---|---|
| Punishment Assessed by: **COURT** | Date Sentence Imposed: **12/17/2010** | Date Sentence to Commence: **12/17/2010** |

Punishment and Place of Confinement: **8 YEARS INSTITUTIONAL DIVISION, TDCJ**

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| | | | |
|---|---|---|---|
| Fine: **$ N/A** | Court Costs: **$ 510.00** | Restitution: **$ N/A** | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC chapter 62.

The age of the victim at the time of the offense was **16 years.**

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

From **9/7/2008** to **9/8/2008**  From **12/17/2010** to **12/17/2010**  From    to

Time Credited: From    to    From    to    From    to

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below

**N/A DAYS   NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.
This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.
**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

EXHIBIT C

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☐ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☒ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY**. The Court **ORDERS** Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED**.

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED**. The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

**The Court ORDERS Defendant to apply for an original or renewed Texas Driver's License or personal identification certificate not later than 30 days after release from confinement or upon receipt of written notice from the Texas Department of Public Safety (DPS). The Court further ORDERS Defendant to annually renew the license or certificate. The DPS shall place an indication on the Defendant's driver's license or personal identification certificate that the Defendant is subject to the sex offender registration requirements. The Court ORDERS the clerk of the Court to send a copy of this order to the DPS and to Defendant. TEX. CODE CRIM. PROC. art. 42.016**

**Signed and entered on December 17, 2010**

X _____
Keith Dean
JUDGE PRESIDING

DEFENDANT EXCEPTS AND GIVES NOTICE
OF APPEAL TO THE COURT OF APPEALS,
FIFTH DISTRICT OF TEXAS AT DALLAS

Clerk.

## <u>AFFIDAVIT OF PAT MCDOWELL</u>

**COUNTY OF DALLAS**

**STATE OF TEXAS**

BEFORE ME, the undersigned official, on this day appeared Pat McDowell, who is personally known to me, and first being duly sworn according to law upon his oath, deposed and said as follows:

My name is Pat McDowell. I am over 18 years of age, and I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

I am a Senior Judge presiding over the Drug Court in Dallas County by assignment. I have reviewed the writ file and the court file associated with Senrick Wilkerson in cause numbers W08-60213-J(A) and F08-60213-J. The judgment in cause number F08-60213-J indicates that the case was tried by Judge Keith Dean. (*See* attached judgment). Judge Dean was acting as a visiting judge in Drug Court at the time the case was heard. Among the papers in cause number F08-60213-J is a motion for new trial signed and submitted by Calvin Johnson, Applicant's trial attorney. (*See* attached motion #1). The motion for new trial is file-stamped January 5, 2010, but OnBase indicates that it was filed on January 5, 2011. (*See* printout from OnBase[1]). Also among those papers is another copy of the motion for new trial which includes a signature in the portion of the motion which is to be signed by the Judge. (*See* attached motion #2). That signature may be mine but I cannot say with certainty that I signed it. I do know that directly below that signature I recognize a notation that was written, signed, and dated by me, indicating that I did not act on the motion for new trial. That notation is dated "7/7/11" and OnBase indicates that it was filed on that day. (*See* printout from OnBase). It is likely that the motion for new trial was presented to me after Judge Dean tried the case. While the signature on the motion may be mine, I did not grant a motion for new trial in this case. My signed notation shows that I did not grant or act on the motion.

FURTHER, Affiant sayeth not.

_____
Pat McDowell

---

[1] The OnBase system does not allow a user to print from the index page. The attached is a screen shot from the OnBase index page for cause number F08-60213-J.

Affidavit of Pat McDowell Page 1

EXHIBIT
D

SUBSCRIBED AND SWORN TO BEFORE ME, on the __23__ day of April 2015, to certify which witness my hand and official seal.



ROBIN W. SOLOMON
Notary Public
STATE OF TEXAS
My Comm. Exp. Sep. 02, 2015

_Robin W. Solomon_
Signature

_Robin W. Solomon_
Printed Name